NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARMEN NUNEZ DEL PRADO,<br><br>          Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>          Defendant. | Civ. No. 04-5403<br>(WGB)<br><br>M E M O R A N D U M<br>O P I N I O N |

APPEARANCES:

David R. Spevack, Esq.
SPEVACK & CANNAN, P.A.
525 Green Street
Iselin, New Jersey 08830
     Attorney for Plaintiff

Christopher J. Christie
United States Attorney
By:  Susan Handler-Menahem
     Assistant U.S. Attorney
970 Broad Street
Newark, New Jersey 07102
     Attorney for Defendant

**BASSLER, SENIOR DISTRICT JUDGE:**

This case involves a personal injury action brought by plaintiff Carmen Nuñez del Prado ("del Prado") against the United States of America for an alleged automobile accident that occurred on February 11, 2003. The United States moves to dismiss del Prado's Complaint under Federal Rule of Civil Procedure 12(b)(1), asserting that this Court lacks jurisdiction

because of del Prado's failure to exhaust all administrative remedies pursuant to the Federal Tort Claims Act ("FTCA").

For the reasons set forth in this Memorandum Opinion, the United States' Motion to Dismiss is **granted without prejudice** to del Prado's right to refile the suit after satisfying the jurisdictional requirements of the FTCA by exhausting all available administrative remedies.

I. Background

Del Prado alleges she was injured in an automobile accident that occurred on February 11, 2003, wherein her vehicle and a mail truck, operated by the U.S. Postal Service, collided at an intersection in Woodbridge, New Jersey.  On March 18, 2003, the U.S. General Services Administration ("GSA") in Kansas City, Missouri, sent a letter to del Prado claiming del Prado was liable for damages to the government vehicle totaling $2,688.65. (See Spevack Cert., Exhibit A, Mar. 18, 2003 GSA letter sent to del Prado.)

On May 5, 2003, del Prado's attorney sent a Notice of Claim letter pursuant to the FTCA[1] alleging personal injuries, property

---

[1] The FTCA states in pertinent part that "[a]n action shall not be instituted upon a claim against the United States for money damages for injury . . . unless the claimant shall have first presented the claim to the appropriate Federal agency,"  28 U.S.C. § 2675(a), and then only after "failure of an agency to make final disposition of a claim within six months after it is filed.  Id.  The Code of Federal Regulation which applies to claims asserted under the FTCA further states that "a claim shall be deemed to have been presented when a Federal agency receives

damage, and loss of wages. (See Spevack Cert., Exhibit A, del Prado's May 5, 2003 Notice of Tort Claim.)  Del Prado sent the notice to the GSA in Kansas City as well as the GSA's claim department in Chicago, the New Jersey Attorney General, and the U.S. Department of Justice. Id.

On May 21, 2003, the U.S. Department of Justice replied to del Prado, by letter, claiming that pursuant to 28 C.F.R. § 14.2(b)(1) a claim must be presented to the appropriate federal agency whose activities gave rise to the claim. (See Spevack Cert., Exhibit B, May 21, 2003 letter from U.S. Dept. of Justice.) The Department of Justice stated that it had forwarded the Notice of Claim to the GSA in Washington, D.C.  See id.

On July 16, 2003, the Assistant Regional Counsel for the GSA wrote to del Prado's attorney stating that the Government vehicle involved in the accident was assigned to the U.S. Army Medical Detach in Forte Meade, Maryland, and the Notice of Claim had, therefore, been forwarded to that agency. (See Spevack Cert., Exhibit C, July 16, 2003 GSA letter to del Prado.)

On November 3, 2004, del Prado filed a complaint in this Court naming the United States and Donna Griffin – driver of the mail truck – as defendants.[2]

---

from claimant . . . written notification accompanied by a claim for money damages in a sum certain." 28 C.F.R. § 14.2(a).

[2] Ms. Griffin was later removed as defendant by del Prado in accordance with 28 U.S.C. § 2679(b)(1)) (stating that a Federal

3

On December 8, 2004, Barbara Peter, Legal Administrative Specialist for the Department of the Army, Fort Hamilton, New York, wrote to del Prado's attorney concerning the Summons and Complaint. (See Spevack Cert., Exhibit D, Dec. 8, 2004, letter from Barbara Peter to del Prado.)  As stated in Ms. Peter's letter and also contained in her sworn affidavit, (see Barbara Peter Affidavit at ¶ 2), Ms. Peter alleges she had no record of any administrative claim or notice of claim against the United States by del Prado or anyone on behalf of del Prado.  Barbara Peter also reiterated in her letter that under the FTCA a suit may not be filed until six months have elapsed from the filing of an administrative claim to the appropriate federal agency, which must also contain a claim for money damages in sum certain (an exact dollar amount) for injury or loss of property.

On December, 13, 2004, del Prado's attorney filed an administrative claim on behalf of del Prado with the Fort Hamilton Legal Office containing a sum certain for $3,500.00 for property damage and $260,000.00 for personal injury.

On December 30, 2004, del Prado's attorney replied to the Fort Hamilton Legal Office enclosing a copy of the administrative claim he had filed two weeks prior.

On February 18, 2005, the U.S. Department of Justice for the

---

employee acting within the scope of their employment is exempt from litigation).

District of New Jersey wrote to del Prado's attorney asking him to file a voluntary dismissal because the claim was premature to the six-month requirement under the FTCA.  The U.S. Department of Justice asked del Prado's attorney to call Ms. Peter to discuss settlement of the claim. (See Declaration of Susan Handler-Menahem, Assistant U.S. Attorney, at ¶ 3.)

The parties did not settle the matter and del Prado alleges that Ms. Peter did not respond to a letter sent August 8, 2005 or to a voice-mail message on November 21, 2005. (See Spevack Cert. at ¶¶ 7,8.)

On February 28, 2006, the United States moved to dismiss for lack of jurisdiction because of del Prado's failure to exhaust all administrative remedies.  The United States claimed del Prado had not waited the mandatory six-month period under the FTCA before filing suit.  Del Prado responded to the motion claiming she had waited more than fifteen months before filing suit and introduced evidence of her initial claim sent in 2003.  In response, the United States argued that the initial claim was not received by the appropriate agent, nor did it contain a damages amount in sum certain.

II. Discussion

"It is a fundamental principle of sovereign immunity that federal courts do not have jurisdiction over suits against the United States unless Congress, via a statute, expressly and

5

unequivocally waives the United States' immunity to suit." U.S. v. Mitchell, 463 U.S. 206, 212 (1983).

The FTCA "was enacted in 1946 to waive the sovereign immunity of the United States for private tort actions." Pascale v. U.S., 998 F.2d 186, 189 (3d Cir. 1993). It provides, in pertinent part, that "[a]n action shall not be instituted upon a claim against the United States for money damages for injury . . . unless the claimant shall have first presented the claim to the appropriate Federal agency," 28 U.S.C. § 2675(a)(emphasis added), and then only after "failure of an agency to make final disposition of a claim within six months after it is filed." Id. The Code of Federal Regulation ("C.F.R"), which applies to claims asserted under the FTCA, further requires that "a claim shall be deemed to have been presented when a Federal agency receives from a claimant . . . written notification accompanied by a claim for money damages in a sum certain." 28 C.F.R. § 14.2(a)(emphasis added). The requirement that claimant present his claim for sum certain is a jurisdictional prerequisite to a suit in the district court. Deutsch v. U.S., 67 F.3d 1080, 1091 (3d Cir. 1995).

Del Prado's initial claim on May 5, 2003 was not filed with the appropriate federal agency and did not contain a sum certain.[3]

---

[3] See Spevack Cert., Exhibit A, del Prado's May 5, 2003 Notice of Tort Claim.

This claim, therefore, did not constitute a valid tort claim against the United States under the FTCA.  Del Prado's second claim on December 13, 2004 was instituted after suit had been brought in district court and, therefore, also violated the FTCA.  See 28 U.S.C. § 2675(a).  The Supreme Court is dispositive on the issue and held in McNeil v. U.S. that the FTCA requires a complete exhaustion of administrative remedies before the commencement a judicial action.  508 U.S. 106, 110-13 (1993).

III. Conclusion

While it would appear that del Prado is the victim of the "slow wheels of government," the statutes giving rise to her claim bar her from bringing suit in federal court until she has exhausted her administrative remedies.  For the reasons set forth above, United States' Motion To Dismiss is **GRANTED WITHOUT PREJUDICE.**

An appropriate Order follows.

Dated: June 22, 2006

/s/ William G. Bassler
William G. Bassler, U.S.S.D.J.